### HOLLAND v. OWNBEY et al.

No. 17526—Opinion Filed June 29, 1926.

(Syllabus.)

Statutes—Local Laws—Invalidity of Act Fixing Terms of Commissioners in One County.

Chapter 169, Session Laws 1925, being an act of the Legislature of 1925, entitled: "An Act fixing the term of office of members of the Board of County Commissioners of Pottawatomie County, State of Oklahoma, repealing all Acts in conflict herewith, and declaring an emergency," is in violation of section 32, art. 5, of the Constitution, and void.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by A. J. Ownbey et al., against D. J. Holland seeking a writ of mandamus. From a judgment granting the writ, the defendant appeals. Affirmed.

F. H. Reily, for plaintiff in error.

Park Wyatt, for defendants in error.

NICHOLSON, C. J. A. J. Ownbey, Wilber Moore, C. I. Johnson, R. L. Hanes, and L. E. Cleary brought this action against D. J. Holland, as secretary of the county election board of Pottawatomie county, seeking a writ of mandamus to compel him to have their names printed on the primary ballots to be submitted to the voters of commissioner's district No. 1, at the primary election to be held August 3, 1926, as democratic candidate for the nomination to the office of county commissioner of said district.

An alternative writ of mandamus was issued, and in his return thereto, Holland relies upon House Bill No. 281, chapter 169 of Session Laws of 1925, as his justification for refusing to permit said parties to file for nomination to said office.

A peremptory writ of mandamus was issued as prayed for, and Holland has appealed.

By paragraph C of section 1 of chapter 121, Session Laws 1923-24, it is provided that at the general election held in November, 1924, there shall be elected in each county in the state, three county commissioners, one from district No. 1, for a term of two years; one from district No. 2, for a term of four years, and one from district No. 3, for a term of six years; the term of office of such commissioners to begin on the first Monday in July following their election, and that thereafter one county commissioner shall be elected every two years, and hold office for a term of six years, or until his or her successor is elected and qualified.

By these provisions a county commissioner from commissioner's district No. 1 in each county in the state shall be elected at the general election to be held in November, 1926, and of course, shall be nominated at the primary election held in August of said year. Therefore, it was the duty of Holland to receive the applications of the relators and have their names placed on the ballots, unless he is warranted in refusing to do so by chapter 169, page 272, Sess. Laws 1925, entitled "An Act fixing the term of office of members of the Board of County Commissioners of Pottawatomie County, State

of Oklahoma, repealing all Acts in conflict herewith, and declaring an emergency," section 1 of which reads as follows:

"The terms of office of the members of the board of county commissioners of Pottawatomie county, State of Oklahoma, from the first and second districts thereof, shall be for a period of four years from the date of their qualifications of office, and entering upon their duties as such, and, provided, that such terms of office shall begin on the first Monday in July, 1925, and shall expire on the first Monday in July, 1929."

A mere glance at this act shows that it is a special and local law designed to apply only to Pottawatomie county; its aim being to fix a different term of office of county commissioners in that county from that fixed by general law for all counties in the state.

It is stipulated in the record that no notice of the intended introduction of this bill was ever published in Pottawatomie county, hence the Legislature was prohibited from considering the act by the provisions of section 32, art. 5, of the Constitution, which is as follows:

"No special or local law shall be considered by the Legislature until notice of the intended introduction of such bill or bills shall first have been published for four consecutive weeks in some weekly newspaper published or of general circulation in the city or county affected by such law, stating in substance the contents thereof and verified proof of such publication filed with the Secretary of State."

The validity of the act is attacked on other grounds, but it is so obviously in violation of the constitutional provision just mentioned that it is unnecessary to consider the other objections. It would be difficult to conceive of legislation more manifestly repugnant to a plain constitutional provision, and it is surprising that such legislation should receive the consideration of the most indifferent Legislature. Chapter 169, Sess. Laws 1925, being unconstitutional, and void, the court did not err in issuing the writ.

The judgment is affirmed.

All the Justices concur.